THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
***A PROFESSIONAL LAW CORPORATION***
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     (415) 674-8600
Facsimile:      (415) 674-9900
Email:          tfrankovich@disabilitieslaw.com

Attorney for Plaintiffs
DAREN HEATHERLY and
IRMA RAMIREZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY; and IRMA RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER,<br><br>Defendants. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

1       Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ complain of defendants

2   WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba

3   G & G SUPER MARKET; and defendant NUON PHARA, an individual dba PAGE'S DINER

4   and allege as follows:

5   **INTRODUCTION:**

6       1.    This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the

8   disability community are members, for failure to remove architectural barriers structural in nature

9   at defendants', a place of public accommodation, thereby discriminatorily denying each plaintiff

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof.  Each plaintiff seeks injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15      2.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person

16  with physical disabilities who, on or about the dates set forth herein, between December 19, 2012

17  through December 5, 2014 and (**deterred thereafter**), was an invitee, guest, patron, customer at

18  defendants' G & G Market and Page's Diner, which are public accommodations within the

19  WEST COLLEGE CENTER MALL in the City of Santa Rosa, California.  At said times and

20  place, defendants failed to provide proper legal access to those and other public -

21  accommodations within the mall, each of which is a "public accommodation" and/or a "public

22  facility" including, but not limited to parking, elements of the service counters, dining areas and

23  restrooms.  The denial of access was in violation of both federal and California legal

24  requirements, and plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered

25  violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1007 - 1211 West College Avenue, in the City of Santa Rosa, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").   Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and Diabetes. Plaintiff DAREN HEATHERLY relies on a wheelchair to travel about in public.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ relies on a wheelchair and/or crutches to travel about in public.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case 3:14-cv-05483-RS   Document 1   Filed 12/16/14   Page 4 of 40

Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

      6. **DEFINITIONS:**

          a. **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

          b. **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm.
(The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

c.   **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

j.  **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

k.  **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

7.  The WEST COLLEGE CENTER MALL, is a public accommodation comprised of the following public accommodations: G & G Market, Page's Diner, Los Girasoles, LuLu's Café, Re-Style Market Places and Dollar Drug, Union Hotel Pizza & Pasta Company, located at/near 1007 - 1211 West College Avenue, Santa Rosa, California.  The WEST COLLEGE CENTER MALL and each of its public accommodations its parking, elements of service counters, dining areas, path of travel, restrooms and entrance to Page's Diner, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the public accommodations of WEST COLLEGE CENTER MALL and each of its facilities, its parking, elements of service counters, dining areas, path of travel, restrooms and entrance to Page's Diner to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

8.  Defendant WEST COLLEGE CENTER, LLC is the owner of the real property (land and building) located at or near 1007 - 1211 West College Avenue, Santa Rosa, California.

9.  Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as WEST COLLEGE CENTER, located at/near 1007 - 1211 West College Avenue, Santa Rosa, California, or of the building and/or buildings which constitute said public accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, own and operate in joint venture the subject mall, G&G Market and Page's Diner each  as a public accommodation.  Those businesses are open to the general public and conduct business therein.  Each business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

11.     On or about the year of 1998, defendant WEST COLLEGE CENTER, LLC and  each of them purchased and/or took possessory control of the premises now known as WEST COLLEGE CENTER MALL.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the now G&G Market, Page's Diner and parking lot of the WEST COLLEGE CENTER MALL were not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the mall as though it was accessible.

12.     At all times relevant to this complaint, defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER are jointly and severally responsible to identify and remove architectural barriers at the subject WEST COLLEGE CENTER MALL pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201       General**

(b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the public accommodations comprising the WEST COLLEGE CENTER MALL as being handicapped accessible and handicapped usable.

15.     On or about the year of 2000 through approximately December 5, 2014 and thereafter, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ frequented G & G Market as one of their primary grocery stores as it is only 4.2 miles from their home.

16.     On or about but between December 19, 2012, December 5, 2014 and thereafter, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was an invitee and guest at the subject mall and specifically G & G Market and Page's Diner, for purposes of shopping for groceries, sundries, beverages, meat, fish, chicken **AND** other goods and to have meals consisting of food and beverages respectively.  The operative dates both inside and outside the statute of limitations are attached as **exhibit "A"** and incorporated by reference as though fully set forth herein.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

17.     After speaking to employees of defendants and sending notice letter(s) on **September 26, 2012 and September 27, 2013** to G & G market, and on March 14, 2012, July 24, 2013 and February 3, 2014 to Page's Diner, the landlord and/or tenant about access problems, plaintiffs returned to the subject mall and these public accommodations, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  Almost a quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18.     On or about those dates within the statute of limitations referenced in exhibit A (exception: in approximately January of 2014, plaintiff IRMA RAMIREZ noted that handicap parking spaces at/or in front of Page's Diner had been re-striped), plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers in the parking lot of the WEST COLLEGE CENTER MALL and as a legal result had the following adverse experiences: the parking spaces for the disabled serving G & G Market and nearest to Page's Diner were none compliant in that they were not clearly identifiable and/or had built up ramps in the access aisles and/or lacked a van accessible access aisle/resulting in plaintiffs being unable to park in front of Page's Diner and/or fearing their vehicle would be blocked by another vehicle and/or being concerned with navigating a ramp in the access aisle.

19.     On or about those dates within the statute of limitations referenced in exhibit "A" relative to G & G Market, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the bakery and as a legal result had the following adverse experiences: the bell to summon assistance was too high/neither plaintiff IRMA RAMIREZ nor plaintiff DAREN HEATHERLY could reach it.  Each time, if a counter person was not present, each plaintiff had to wait until the person returned; plaintiffs tapped on the glass case; or a passerby pushed the bell for them.  Summoning assistance was difficult and awkward for each plaintiff.   The need to use the bell occurred 25% of the time(s).

20.     On or about those dates within the statute of limitations referenced in exhibit "A" relative to G & G Market (except after approximately mid-December of 2013, the dispenser was lowered and except as of December 5, 2014, when the service bell was lowered), plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the meat counter and as a legal result had the following adverse experiences: the "take a number" dispenser was too high; neither plaintiff could reach the point of operations.  Each had to ask for assistance or ask a stranger to pull a ticket.  It was awkward for each plaintiff to be in such a position. Further, the meat case was too high, and often, each plaintiff was not seen as they sought product from the display case(s).  This adverse situation. 25% of the time(s).

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21.    On or about those dates within the statute of limitations referenced in exhibit "A" relative to G & G Market, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the meat department of G & G Market and as a legal result had the following adverse experiences: the "service bell," point of operation was too high.  Neither plaintiff DAREN HEATHERLY nor plaintiff IRMA RAMIREZ could reach it to summons assistance.  This was the situation for each plaintiff approximately 25% of the time(s). Their choices were to wait until someone came out the store.  Being a spectacle by tapping the glass, waiting for another customer to come and pushing the bell was awkward.

22.    On or about those dates within the statute of limitations referenced in exhibit "A" relative to Page's Diner, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the entrance to Page's Diner and as a legal result had the following adverse experiences: the front door pressure was excessive. Both plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ struggled to open the door on 50% of the dates set forth.  The other 50% of the dates set forth a third party opened the door for them. Simply put, 100% of the time, the door pressure posed a problem.

23.    On or about those dates within the statute of limitations referenced in exhibit "A" relative to Page's Diner, plaintiff DAREN HEATHERLY and IRMA RAMIREZ encountered the following architectural barriers at the path of travel to the men's and women's restroom and as a legal result had the following adverse experiences: the path of travel to the restrooms was blocked by chairs, boxes and other obstacles/resulting in that neither plaintiff DAREN HEATHERLY nor plaintiff IRMA RAMIREZ could navigate each of their respective wheelchairs around and through the corridor to reach the restrooms except for one occasion, wherein plaintiff DAREN HEATHERLY was able to enter the men's restroom.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24.     On or about those dates within the statute of limitations referenced in exhibit "A" relative to Page's Diner, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ encountered the following architectural barriers at the outside eating area of Page's Diner and as a legal result had the following adverse experiences: the outside tables were not accessible. The pedestal base of the tables precluded plaintiff DAREN HEATHERLY and IRMA RAMIREZ from using those tables.  Each plaintiff was deterred from using those tables in the summer months.

25.     From the year 2012 to the present year (2014), plaintiff IRMA RAMIREZ had written a total of seven (7) letters to the landlords, tenants and/or managers at G&G Market and Page's Diner.  She wrote the following:

**September 26, 2012 - G & G Market (landlord and tenant):**

"In the last couple of weeks my husband and I have shopped at your market. We enjoy shopping there.  As we both use a wheelchair, we had problems with accessing  your butcher counter.  The counter is so high none of the butchers ever see us.  The service bell and take a number machine  are not accessible to us because they are too high.  If not for the kindness of other customers alerting the butchers we might not get served. I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your heads and hands together, I know the two of you can fix this problem. You need to learn what needs to be done and do it now.  So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman.  Also, look into the $10,000 tax credit for providing access.  Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me what you plan on doing.  If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do.  Thanks!"

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**September 27, 2013 - G & G Market (manager only):**

"It was exactly one year ago yesterday (September 26, 2012) that I wrote the manager of G&G Market regarding access problems in the meat department. I wrote about the service bell and the "take a number" ticket dispenser not being accessible to us because we both use wheelchairs. They are placed so high we can't reach them. My husband and I were there last week and it is still a problem. Also, I want to point out to you my husband tried to use the restroom and was not able to. The restroom door was hard for him to open and the toilet stall was not wide enough for his wheelchair and he was not able to close the door. The lack of privacy forced him to go elsewhere. I think you could get a handyman to fix at least the simple things like lowering the service bell and ticket dispenser. You don't need to take my word for it, but you need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301 and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me what you plan on doing. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

**March 14, 2012 - Page's Diner (landlord and tenant):**

"Recently, my husband and I visited Page's Diner. We enjoyed your Diner very much. As we both use a wheelchair, we had problems with access at your Diner. First, we had problems with parking by the diner. There was no signage for handicap parking, the access aisles were not wide enough for a van and the emblems on the ground were very faded. Also, there were was a curb in front of the access aisle for one of the handicap parking spaces and the other handicap parking space access aisle had a curb ramp in it. As a result of the bad parking we had to go all the way down to G&G Market to park. When we tried to get into your diner the front door pressure was so heavy I couldn't open it and a customer at the diner was kind enough to open the door. When we were seated tables had to be rearranged to accommodate our wheel chairs. There were chairs stacked along the wall blocking the way to the restroom so we couldn't use the restroom. It was busy and we did not want to inconvenience anyone by asking them to move chairs. We had quite a few problems that day. We were not able to use the restroom so you need to check it to determine if it is accessible. I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing!

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

If you both put your heads and hands together, I know the two of you can fix this problem. You need to learn what needs to be done and do it now.  So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done.  Much of the work can be done by a handyman.  Also, look into the $10,000 tax credit for providing access.  Remember, wheelchair users have an old saying: "Access delayed is Access denied!"  You understand, right?  Anyway, please write me when you get this letter, tell me what you plan on doing.  If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do.  Thanks!"

**July 24, 2013 -  Page's Diner (manager only):**

"Recently, my husband and I visited Page's Diner.  We enjoy your Diner very much and we come quite often.  I wrote to you over a year ago pointing out that my husband and I could not use the restrooms because there were chairs stacked along the wall.  The chairs are still there and now there is a freezer blocking the way to the restroom.  My husband went to use the restroom. Some of the staff helped move some of the boxes and chairs so he could get through.  When he got inside the restroom he had a very hard time using it because the sink was in a cabinet and there was not much room to maneuver his chair.  He almost got stuck in the restroom.  After maneuvering his chair several times he was able to get out. Anyway, please write me when you get this letter and tell me what you plan on doing to make your restrooms accessible.  Did you give my first letter to your landlord?   Thank you."

**February 3, 2014 - Page's Diner (manager only):**

"Recently, my husband and I visited Page's Diner.  We have been there several times and enjoyed your Diner very much.  We noticed the handicap parking was being repainted and it seemed more handicap spaces were being installed.  That's good however, I wrote you a letter in March of 2012 and again in July of 2013 pointing out the problems we had with your restrooms. I never received an answer to the two letters.  Anyway, nothing has been done to correct the problems with the restrooms.  Chairs and a freezer are still stacked in the hallway blocking the path to the restrooms. When I went to use the restroom I couldn't get to the restroom because there were some boxes, a freezer and chairs in the hallway.  I just thought I would point this out again.  Please write me when get this letter and let me know what you plan on doing to correct this problem."

Plaintiff IRMA RAMIREZ never received a response and neither letter was returned to her from the United States Postal Service.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     On or about December 6, 2014, and thereafter, plaintiff would have returned to the WEST COLLEGE MALL but was deterred from returning for the fear that once he/she returned, he/she would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: painting the parking, lowering ticket the ticket dispenser(s), clearing an accessible route to make it easier to enjoy the goods, services and opportunities afforded by these public accommodations.

27.     Plaintiff IRMA RAMIREZ has been informed and believes that the women's restroom at Page's Diner is neither accessible nor usable.

28.     Therefore, at said times and place, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.      lack of the requisite type and number of disabled parking stall(s);

b.      lack of the requisite number of regular disabled parking stall(s);

c.      lack of disabled van accessible parking stall(s);

d.      lack of (proper) disabled parking signage;

e.      lack of an accessible entrance of Page's Diner;

f.      lack of accessible service counters, bells and ticket dispensers at G & G Market;

g.      lack of a handicapped-accessible women's public restroom at Page's Diner;

h.      lack of a handicapped-accessible men's public restroom at Pages's Diner;

i.      lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

j.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.     Specific architectural barriers encountered by plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ at said time(s) and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiffs as stated herein, the barriers include, but are not limited to:

**PARKING**
- insufficent van accessible parking stall(s) and access aisle(s);
- non complying van accessible parking stall access aisle(s);
- unidentifiable/non complying ISA symbol on the surface of parking stall(s);

**ENTRANCE**
- inaccessible entrance at Page's Diner; 11lbs. pressure;

**DINING**
- inaccessible outside table seating (table height and noncomplying pedestal) at Page's Diner;
- lack of required five (5) percent accessible seating;

**PATH OF TRAVEL**
- lack of accessible path(s) of travel to restroom(s) at Page's Diner (obstacles in corridor);

**RESTROOMS**
- noncomplying restrooms for the disabled;
- door knobs and latches that require grasping, turning or pinching;
- no rear grab bar(s);
- insufficient room between lavatory and water closet;
- paper towel dispenser(s) too high or not properly placed (approximately 61");
- noncomplying mirror (approximately 55");
- lavatory apron (approximately 25"); and
- insufficient clear space.

1  Therefore, as a legal result of encountering each of said elements, plaintiffs experienced one, all,

2  or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort to

3  his/her upper extremities in attempting to and/or using said elements also causing anxiety,

4  disappointment, and embarrassment.

5       30.    At all times as stated herein, plaintiff DAREN HEATHERLY and plaintiff

6  IRMA RAMIREZ encountered architectural barrier(s) as stated herein and/or had personal

7  knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome

8  it/them because of his/her disability.

9       31.    At all times stated herein, it was "readily achievable" for defendants to

10  remove some and/or all of the architectural barriers complained of over a reasonable period

11  of time from the date that defendants initially took possession to meet the affirmative duty to

12  identify and remove architectural barriers where it is readily achievable to do so.  In that

13  regard, defendants could have but did not avail themselves of the tax deduction and tax

14  credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the

15  costs of barrier removal.

16       32.    At all times and place, each architectural element as stated herein that did

17  not strictly comply with or substantially comply with the ADAAG minimum requirements

18  constituted an architectural barrier which precluded plaintiff DAREN HEATHERLY and

19  plaintiff IRMA RAMIREZ from full and equal opportunities afforded to non disabled

20  persons to the goods and services of the public accommodations referred to herein.

21       33.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ were and

22  are deterred from returning to public accommodations referred to herein so long as

23  architectural barrier(s) complained of that he/she encountered, as stated herein are not

24  ADAAG compliant.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       34.    At said times and place, when plaintiff DAREN HEATHERLY and

2  plaintiff IRMA RAMIREZ encountered the architectural barriers as stated herein, plaintiff

3  DAREN HEATHERLY and plaintiff IRMA RAMIREZ in seeing a barrier(s) and/or

4  attempting to overcome the barriers to gain access experienced any one or combination of

5  physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and

6  disappointment. This arose from plaintiffs' physical inability to effectively use his/her upper

7  extremities to easily overcome the architectural barriers as stated herein.  This constitutes a

8  denial of full and equal access to the subject public accommodation and a denial of the

9  opportunity to independently enjoy and participate in the opportunities, goods and services

10  offered to non disabled persons and patrons, invitees and guests.

11       35.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff

12   DAREN HEATHERLY and plaintiff IRMA RAMIREZ the same full and equal access that

13  a non wheelchair user/non disabled person would enjoy while engaging in the goods, service

14  and opportunities offered at the subject mall.

15       36.    At all times stated herein, the existence of architectural barriers at

16  defendants' place of public accommodation evidenced "actual notice" of defendants' intent

17  not to comply with the Americans with Disabilities Act of 1990 either then, now or in the

18  future.

19       37.    As a legal result of defendants WEST COLLEGE CENTER, LLC;

20   GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON

21  PHARA, an individual dba PAGE'S DINER's failure to act as a reasonable and prudent

22  public accommodation in identifying, removing or creating architectural barriers, policies,

23  practices and procedures that denied access to each plaintiff  and other persons with

24  disabilities, each plaintiff suffered the damages as alleged herein.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

38.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

39.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

40.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

41.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

///

///

42.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied his/her rights to equal access to a public facility by defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, because defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER maintained public accommodations without access for persons with physical disabilities to its facilities, including but not limited to parking, elements of service counters, dining areas, path of travel, restrooms and entrance to Page's Diner , and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to each plaintiff and other persons with physical disabilities in these and other ways.

43.     Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

44.     Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

45.     Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

46.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiffs seek an order from this court compelling defendants to make each public accommodation referred to herein accessible to persons with disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     Each plaintiff, as described hereinbelow, seeks injunctive relief to require the parking of the WEST COLLEGE CENTER MALL, G & G Market and Page's Diner to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate each of them as a public facility.

48.     Plaintiffs believe that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not, under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

49.     Each plaintiff seeks damages for violation of his/her civil rights for each of their respective visits on all dates referenced within the statute of limitations as referred in exhibit "A" relative to the overall parking, G & G Market, and Page's Diner minus those occasions, if any, that each plaintiff will voluntarily exclude as a form of mitigation and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   The acts and omission of defendants, and each of them, in failing to provide the required

2   accessible public facilities at the time of each plaintiff's visit and injuries, indicate actual and

3   implied malice toward each plaintiff, and despicable conduct carried out by defendants, and

4   each of them, with a willful and conscious disregard for the rights and safety of each plaintiff

5   and other similarly situated persons, and justify a trebling of damages as provided by Civil

6   Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of

7   them, to other operators and landlords of other malls and other public facilities, and to punish

8   defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

9        50.    At all times stated herein and for post complaint occasions, plaintiff(s) have an

10  absolute unfettered civil right to return to the public accommodation(s) complained of within

11  thirty (30) day intervals until defendants remove all architectural barriers under their

12  continuing obligation to identify and remove architectural barriers.

13       51.    Each plaintiff is informed and believes and therefore alleges that defendants

14  WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G

15  SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, and each of

16  them, caused the subject building(s) which constitute the public accommodations referred to

17  herein to be constructed, altered and maintained in such a manner that persons with physical

18  disabilities were denied full and equal access to, within and throughout said building(s) of the

19  subject mall and were denied full and equal use of said public facilities. Furthermore, on

20  information and belief, defendants have continued to maintain and operate said mall and/or

21  its building(s) in such conditions up to the present time, despite actual and constructive notice

22  to such defendants that the configuration of the WEST COLLEGE CENTER and/or its

23  building(s) is in violation of the civil rights of persons with physical disabilities, such as

24  plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and other members of the

25  disability community.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Such construction, modification, ownership, operation, maintenance and practices of such

2  public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code

3  §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

4       52.    Defendants' actual and constructive notice that the physical configuration of

5  the facilities including, but not limited to, architectural barriers constituting the WEST

6  COLLEGE CENTER MALL and/or building(s) was in violation of the civil rights of persons

7  with physical disabilities, such as each plaintiff, includes, but is not limited to, coming into

8  contact with public accommodations with accessible elements and facilities since January 26,

9  1991, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, possibly

10 sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices

11 they obtained from governmental agencies upon modification, improvement, or substantial

12 repair of the subject premises and other properties owned by these defendants, newspaper

13 articles and trade publications regarding the Americans with Disabilities Act of 1990 and

14 other access laws, public service announcements by former U.S. Attorney General Janet Reno

15 between 1993 and 2000, and other similar information.  Defendants' failure, under state and

16 federal law, to make the WEST COLLEGE CENTER MALL accessible is further evidence

17 of defendants' conscious disregard for the rights of plaintiffs and other similarly situated

18 persons with disabilities.  Despite being informed of such effect on each plaintiff and other

19 persons with physical disabilities due to the lack of accessible facilities, defendants, and each

20 of them, knowingly and willfully refused to take any steps to rectify the situation and to

21 provide full and equal access for each plaintiff and other persons with physical disabilities to

22 each public accommodation referred to herein.  Said defendants, and each of them, have

23 continued such practices, in conscious disregard for the rights of each plaintiff and other

24 persons with physical disabilities, up to the date of filing of this complaint, and continuing

25 thereon.  Defendants had further actual knowledge of the architectural barriers referred to

26 herein by virtue of the demand letter addressed to the defendants and served concurrently

27 with the summons and complaint.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1   Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

2   persons with physical disabilities, constitutes despicable conduct in conscious disregard of

3   the rights and safety of each plaintiff and of other similarly situated persons, justifying the

4   imposition of treble damages per Civil Code §§52 and 54.3.

5      53.   Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the

6   disability community, consisting of persons with disabilities, would, could and will return to

7   the subject public accommodation when it is made accessible to persons with disabilities.

8   **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
9      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and
10     Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a
       California Corporation dba G & G SUPER MARKET; and NUON PHARA, an
11     individual dba PAGE'S DINER, inclusive)
12     (42 U.S.C. §12101, *et seq.*)

13     54.   Plaintiffs replead and incorporate by reference, as if fully set forth again

14  herein, the allegations contained in paragraphs 1 through 53 of this complaint.

15     55.   Pursuant to law, in 1990, the United States Congress made findings per

16  42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed

17  to more fully protect:

18          some 43 million Americans with one or more physical or
            mental disabilities; [that] historically society has tended to
19          isolate and segregate individuals with disabilities; [that] such
            forms of discrimination against individuals with disabilities
20          continue to be a serious and pervasive social problem; [that]
            the nation's proper goals regarding individuals with disabilities
21          are to assure equality of opportunity, full participation,
            independent living and economic self-sufficiency for such
22          individuals; [and that] the continuing existence of unfair and
            unnecessary discrimination and prejudice denies people with
23          disabilities the opportunity to compete on an equal basis and to
            pursue those opportunities for which our free society is
24          justifiably famous.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

57.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink; and
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

59.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1   The acts of defendants set forth herein were a violation of each plaintiff's rights under the

2   ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et*

3   *seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into

4   California Civil Code §51, making available the damage remedies incorporated into Civil

5   Code §51 and 52(a) and 54.3.

6       60.     The removal of the barriers complained of by plaintiffs as hereinabove alleged

7   were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

8   WEST COLLEGE CENTER MALL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On

9   information and belief, if the removal of all the barriers complained of herein together was

10  not "readily achievable," the removal of each individual barrier complained of herein was

11  "readily achievable."  On information and belief, defendants' failure to remove said barriers

12  was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by

13  42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

14      61.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

15  accomplishable and able to be carried out without much difficulty or expense."  The statute

16  defines relative "expense" in part in relation to the total financial resources of the entities

17  involved.  Each plaintiff alleges that properly repairing, modifying, or altering each of the

18  items that plaintiffs complains of herein were and are "readily achievable" by the defendants

19  under the standards set forth under §301(9) of the Americans with Disabilities Act.

20  Furthermore, if it was not "readily achievable" for defendants to remove each of such

21  barriers, defendants have failed to make the required services available through alternative

22  methods which were readily achievable.

23      62.     On information and belief, construction work on, and modifications of, the

24  subject building(s) of WEST COLLEGE CENTER MALL occurred after the compliance date

25  for the Americans with Disabilities Act, January 26, 1992, independently triggering access

26  requirements under Title III of the ADA.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

64.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each has not returned to defendants' premises since on or about December 5, 2014, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of each plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

65.     Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

66.   Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 65 of this complaint.

67.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

68.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///
///
///
///
///

69.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

70.   Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Each plaintiff has been and continue to be denied full and equal access to defendants' public - accommodations. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he/she visited or have been deterred from visiting the WEST COLLEGE CENTER MALL because of his/her knowledge and belief that the subject mall is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71.     On or about for each of their respective visits on all dates referenced within the statute of limitations as referred in exhibit "A" relative to the overall parking, G & G Market, and Page's Diner minus those occasions, if any, that each plaintiff will voluntarily exclude as a form of mitigation and **deterrence occasion(s)**, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ on each of their respective visits as stated herein suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was denied access to parking, elements of the service counters, dining areas and restrooms and other public facilities as stated herein at the G & G Market and Page's Diner which are public accommodations within the WEST COLLEGE CENTER MALL and on the basis that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each was a person with physical disabilities.

72.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

73.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

74.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  No claim is being made for mental and emotional distress over and above that is usually

2  associated with the encountering of architectural barriers and legally resulting in adverse

3  experiences.  No expert testimony regarding this usual mental and emotional distress will be

4  presented at trial in support of the claim for damages.

5          75.     Each plaintiff has been damaged by defendants', and each of their, wrongful

6  conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation

7  of each plaintiff's rights as a person or an entity that represents persons with physical

8  disabilities on or about for each of their respective visits on all dates referenced within the

9  statute of limitations as referred in exhibit "A" relative to the overall parking, G & G Market,

10 and Page's Diner minus those occasions, if any, that each plaintiff will voluntarily exclude as

11 a form of mitigation and **deterrence occasion(s)**, and on a continuing basis since then,

12 including statutory damages, a trebling of all of actual damages, general and special damages

13 available pursuant to §54.3 of the Civil Code according to proof.

14         76.     As a result of defendants', and each of their, acts and omissions in this regard,

15 each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

16 each plaintiff's rights and enforce the provisions of the law protecting access for persons with

17 physical disabilities and prohibiting discrimination against persons with physical disabilities.

18 Pursuant to the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in

19 this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing

20 party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for

21 damages to plaintiffs, but also to compel the defendants to make their facilities accessible to

22 all members of the public with disabilities, justifying public interest attorneys' fees, if

23 deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil

24 Procedure.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)

(Health & Safety Code §19955, *et seq.*)

77.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 76 of this complaint.

78.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

79.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the WEST COLLEGE CENTER MALL and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the WEST COLLEGE CENTER MALL and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said mall and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

80.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of WEST COLLEGE CENTER MALL and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

81.     Malls and shopping centers such as the WEST COLLEGE CENTER MALL are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

82.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

83.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest.  Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

///

1   Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

2 and Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs

3 and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C.

4 200(a)-3(a)).  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be

5 the prevailing party.

6       84.    Each plaintiff seeks injunctive relief for an order compelling defendants, and

7 each of them, to make the subject place of public accommodation readily accessible to and

8 usable by persons with disabilities.

**IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ,  and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)
(Civil Code §51, 51.5)

      85.    Plaintiffs replead and incorporate by reference, as if fully set forth again

herein, the allegations contained in paragraphs 1 through 84 of this complaint.

      86.    Defendants' actions and omissions and failure to act as a reasonable and

prudent public accommodation in identifying, removing and/or creating architectural barriers,

policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights

Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

87.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

///

///

88.     Defendants' acts and omissions as specified have denied each plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Each plaintiff accordingly incorporates the entirety of his/her above cause of action for violation of the Americans with Disabilities Act at ¶54, *et seq*., as if repled herein.

89.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

90.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including, but not limited to her rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*.

91.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

92.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive, to make the WEST COLLEGE CENTER MALL, located at 1007 - 1211 West College Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against  Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive, to make the WEST COLLEGE CENTER MALL, located at 1007 - 1211 West College Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER, inclusive, to make the WEST COLLEGE CENTER MALL, located at 1007 - 1211 West College Avenue, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY and Plaintiff IRMA RAMIREZ, and Against Defendants WEST COLLEGE CENTER, LLC; GAGMAR, INC., a California Corporation dba G & G SUPER MARKET; and NUON PHARA, an individual dba PAGE'S DINER inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     General damages according to proof;

4.     Treble damages pursuant to Civil Code §52(a);

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: December 16, 2014        THOMAS E. FRANKOVICH,
                                  ***A PROFESSIONAL LAW CORPORATION***

By: __/s/Thomas E. Frankovich_____
          Thomas E. Frankovich
Attorney for Plaintiff DAREN HEATHERLY and
Plaintiff IRMA RAMIREZ

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 16, 2014        THOMAS E. FRANKOVICH,
                                    ***A PROFESSIONAL LAW CORPORATION***

By: __/s/Thomas E. Frankovich_____
          Thomas E. Frankovich
Attorney for Plaintiff DAREN HEATHERLY and
Plaintiff IRMA RAMIREZ

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES